Filed 7/29/24  Marriage of Morgan CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION ONE

|  |  |
|---|---|
| In re the Marriage of CARLA ROSA and JASON MARK MORGAN. | B325917 |
| CARLA ROSA MORGAN, | (Los Angeles County Super. Ct. No. YD061321) |
| Respondent, | |
| v. | |
| JASON MARK MORGAN, | |
| Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Timothy M. Weiner, Judge.  Affirmed in part and reversed in part with directions.

Galperin & Hensley and Yury Galperin for Appellant.

Tara McGuinness; Law Offices of Marc Coleman and Marc Coleman for Respondent.

————————————————

## INTRODUCTION

Carla Rosa Morgan (Carla) filed for dissolution of her marriage to Jason Mark Morgan (Jason).[1]  According to a proof of service executed by Carla's sister, Jason was personally served with the summons and dissolution petition.  Jason did not file a response to the petition or otherwise participate in the case.  The Los Angeles County Department of Child Support Services (Department) later obtained an order requiring Jason to pay child support, and Carla obtained a default judgment dividing the parties' community property.

More than five years after it was entered, Jason moved to set aside the default judgment, contending the proof of service was fraudulent and that he was not in fact served with the summons and petition.  He also claimed that the judgment was based on fraudulent information provided by Carla regarding the value of Jason's business and the parties' income.  Jason brought his motion under several authorities:  Code of Civil Procedure section 473.5, Family Code section 2120 et seq., and equitable principles.  The family court denied the motion on the sole ground that Jason had not submitted a proposed responsive pleading as procedurally required for a motion under Code of Civil Procedure section 473.5, subdivision (b), and did not consider any of Jason's other claims.

Jason now appeals.  Code of Civil Procedure section 473.5 applies "[w]hen service of a summons has not resulted in actual notice" (*id.*, subd. (a)), and thus did not apply as Jason alleged no

_____

[1] As is common in family law matters, we use the parties' first names for clarity and the reader's ease and not out of any disrespect.

2

such service ever occurred.  To the extent Code of Civil Procedure section 473.5 might have applied, Jason was not eligible for relief under it given that his set aside motion was filed over five years after entry of judgment and further was not accompanied by a proposed responsive pleading.  However, he was potentially eligible for relief under Family Code sections 2121 and 2122, which provide the exclusive grounds to set aside a judgment in a dissolution action after the time limits set forth in the Code of Civil Procedure have lapsed.  Those Family Code statutes do not require the moving party to submit a proposed responsive pleading.  Accordingly, we remand for the court to consider whether Jason's motion was timely under Family Code sections 2121 and 2122, and, if so, whether Jason has shown prejudicial fraud entitling him to relief from the default judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Carla Files for Dissolution, Takes Jason's Default, and Obtains a Default Judgment of Dissolution

Carla and Jason married in April 1997 and separated in February 2012.  The couple had two children, aged 13 and 9, at the time of the separation.

Carla, proceeding in pro. per., filed a petition for dissolution on May 9, 2012.  Carla filed a proof of service showing her sister Sophia Smith personally served the summons and dissolution petition on Jason on May 9 at the former family residence on Via del Valle in Torrance.

3

Jason did not appear in the action. On August 9, 2012, Carla filed a request to enter default and the clerk entered default that day.[2]

The court entered a judgment of dissolution on November 2, 2012; the judgment reserved jurisdiction on all issues other than status. The court served a notice of entry of judgment on Jason at an address on Hawthorne Boulevard in Torrance.

## B.    The Department Obtains an Order of Child Support

On August 13, 2013, the Department filed a motion for an order requiring Jason to pay child support. The request was based on an income and expense declaration from Carla in which she estimated that Jason received $8,000 in gross monthly income from his business, Ultimate Installations Inc. (Ultimate); she based the estimate on contributions Jason made to the parties' expenses before their separation. The Department served the request on Jason at an undisclosed address it had verified through the California Child Support Enforcement System.

The Department's motion was eventually heard on May 7, 2014. Jason did not appear. At the hearing, the court received Jason's bank records obtained by the Department via subpoena and ordered Jason to pay $1,813 in child support each month. Under the order, the support obligation was retroactive to September 1, 2013, and the court ordered Jason to begin paying

---

[2] According to a proof of service signed by a friend of Carla's, the request to enter default was served on Jason by mailing it to the Via del Valle address, which was his last known address.

4

$150 per month for past unpaid support beginning June 1, 2014. The order stated, in relevant part, that the court "accept[ed] [Carla]'s testimony that she was receiving a net of $5,000 per month from [Jason] from 2008 through 2011, and that she is aware of no factors that would have decreased [Jason's] business income since the divorce was finalized in November 2012. . . . Based on [Carla]'s testimony and the county's analysis of various records from [Jason]'s business and subpoenaed bank statements from 2012 and 2013, the court finds that [Jason] has a monthly net income of $5,000.00 and [Carla] has monthly income of $3,500.00."

## C. Carla Obtains a Default Judgment Dividing the Parties' Property

On October 14, 2014, Carla, now represented by an attorney, filed a request for order to calendar a prove-up hearing on reserved issues. In the request for order, Carla's attorney indicated that Jason "will be served at the address on file with the court as well as at his most recent last known address."

The court held the default prove-up hearing on January 30, 2015. Carla sought to value Jason's business based on its physical assets, including several vehicles, and its goodwill. Carla also contended she was owed the entire proceeds of the sale of the former family home because her separate property was used to acquire the home.

The court entered judgment that day dividing the parties' community property. As relevant here, the judgment awarded Ultimate to Jason at a value of $105,300 and Carla's accounting practice to her at a value of $25,000. Jason was ordered to make an equalization payment of $40,150 related to the two community businesses. Carla was awarded the full proceeds ($158,229.62)

5

from the sale of the former family residence. The issue of spousal support was reserved. As to child support, the judgment noted such support was previously ordered in a Department-related proceeding. The court served a notice of entry of judgment on Jason by mail at the Via del Valle address.

### D. Motion to Set Aside the Default Judgment and Support Order

#### 1. *Jason's Request for Order*

Almost six years later, on November 20, 2020, Jason filed a request for order to set aside the January 2015 default judgment and to modify or set aside the May 2014 child support order.

Jason claimed that the proof of service of the summons and dissolution petition was fraudulent, and that he had not received any documents purportedly served on him in the action. He averred in a declaration that he was "never . . . served [with] a copy of the Summons and Complaint in the [d]issolution matter, either by personal service or otherwise and had no actual notice of said matter until long after [his d]efault was taken." Specifically addressing the proof of service executed by Smith, Jason averred he had "no recollection of receiving the[] documents from [Smith]." Jason argued that because Smith was not a registered process server, it was Carla's burden to show that service was proper. He sought to cast doubt on the veracity of Smith's claim that she had served him by pointing out the location of the purported service was the former family home on Via del Valle where he no longer lived. He claimed that documents served on him by mail at the Via del Valle address did not reach him, he had stopped using the Hawthorne Boulevard address where several documents had been purportedly served on him, he had not given his consent to being served by email, and

6

he had for "several years" not used an email address utilized by Carla's attorneys to serve documents in 2014.

Jason averred that he stopped operating Ultimate "shortly after" the parties separated, and it had been earning only $1,000 per month from the separation date until he closed the business. He also asserted that Carla had overstated his income and understated her income.

Jason acknowledged that his wages had been garnished in the amount of $10,016.35 to pay child support.[3]  He also averred that he "borrowed an additional sum of $10,000 in order to have my [driver's] license released,[4] for a total paid to date of [$]20,016.35."  He asserted "the first collection under the child support judgment took place in May 2020, putting [Jason] on notice of this matter for the first time."

Jason sought to set aside the default judgment under Code of Civil Procedure section 473.5, equitable principles as recognized in *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, and Family Code section 2120.[5]  He also sought to modify or set aside the May 2014 child support order

---

[3] Jason stated that the garnishment amount was $2,266.25 per month.

[4] The Family Code permits the suspension of a driver's license if the paying parent is sufficiently delinquent in making support payments.  (See Fam. Code, § 17520.)

[5] Jason also cited Code of Civil Procedure section 473, subdivision (b), but only to argue that Code of Civil Procedure section 473.5 provided an exception to section 473, subdivision (b)'s six-month time limit.

based on Family Code sections 2120, 3691, and 17432, subdivision (b).

2.  *Carla's Opposition*

Carla opposed the motion, contending that Jason was served with the summons and dissolution petition. Carla averred in a declaration that Smith had personally served the documents on Jason when he was at the Via del Valle residence to visit the children. According to Carla, after Jason moved out in February 2012, he did not tell her where he was living, and his mail was forwarded to a post office box.

Carla also asserted that Jason had failed to file his request to set aside the judgment within the time permitted under Code of Civil Procedure section 473.5, subdivision (a), because he was actually aware of the proceedings through communications he had with Carla's attorney's office in 2014 regarding an ex parte application they made to facilitate the sale of the family residence, and because he received notice of the default judgment, which was served on him by mail "and presumably forwarded to his post office box."

Lastly, Carla averred that she had valued Ultimate "by using photographs of [Jason's] extensive audio[-]visual equipment and vans from his web site," along with her knowledge of the income he received from the business.

3.  *Jason's Reply*

Jason filed a reply on February 2, 2022, reiterating his claims that he was not served and did not use the addresses where documents were purportedly served on him. Jason also complained that Carla's estimates of his income from Ultimate and the business's value were unsupported. He submitted a printout from the Secretary of State website from November 9,

8

2020, showing that Ultimate's status was "FTB Suspended" (capitalization altered).

### 4. *The Department's Opposition*

The Department filed an opposition on August 4, 2022, which focused on Jason's request to set aside the child support order. The Department pointed out that it, not Carla, had filed the motion seeking a child support order, and contended that it had properly served Jason with the motion by mailing it to an address verified with the postal service and also to a second address Jason had provided to the Secretary of State. The Department contended that Family Code section 3691 governed Jason's request to set aside the child support order, which required that the motion be filed within six months of the time when Jason knew or should have known about the alleged fraud. The Department contended that Jason's motion was untimely under this standard, adducing evidence that Jason had telephone conversations with Department staff in 2016, 2017, and 2018, provided an address which was used to serve annual child support warning notices in 2017 and 2018, and that Jason's attorney had contacted the Department on March 6, 2020 to discuss the suspension of Jason's driver's license for failure to pay child support.

As to Jason's request to set aside the January 2015 default judgment, the Department argued that Jason's motion was procedurally defective because Code of Civil Procedure section 473.5, subdivision (b) required the party seeking relief to "serve and file with the notice [of motion] a copy of the answer, motion, or other pleading proposed to be filed in the action," which Jason had not done.

9

5.    *The Court's Ruling*

At the hearing on August 19, 2022, the court denied Jason's motion as to both the default judgment and the child support order because he did not include with his request a proposed responsive pleading as required by Code of Civil Procedure section 473.5, subdivision (b).  Finding that issue conclusive, the court did not consider any alternative grounds raised in the request for order and did not substantively address Jason's claims of fraud.

## DISCUSSION

Before the family court, Jason sought to set aside both the January 2015 default judgment and the May 2014 child support order.  Jason's appellate briefing does not offer any argument regarding his request to set aside the May 2014 child support order, and he has therefore waived any claim of error related to the court's ruling regarding that support order.  (E.g., *Estrada v. Public Employees' Retirement System* (2023) 95 Cal.App.5th 870, 889.)  We accordingly focus our discussion only on his request to set aside the January 2015 judgment on reserved issues.[6]

Jason contends the family court erred in denying his request to set aside the January 2015 default judgment under Code of Civil Procedure section 473.5, and because it failed to

---

[6] To the extent Jason seeks to set aside the child support order by challenging the January 2015 judgment, his effort fails because that judgment did not impose the child support obligation.  Although the judgment references child support, it indicates that such support had been previously established through the Department's motion and the resulting May 2014 order.

10

consider his motion under two alternate grounds—traditional equitable relief and Family Code section 2120 et seq.—which did not impose any procedural requirement that the request for set aside include a proposed response to the petition.

Carla asserts we lack jurisdiction over Jason's appeal. She also contends the family court correctly denied the request to set aside because Jason failed to comply with "the mandatory language of" Code of Civil Procedure section 473.5, subdivision (b) requiring a proposed response to the petition accompany the set aside request. Carla further asserts that Jason's motion is untimely under the authorities Jason relies on, and there is evidence he was properly served and had actual notice of the dissolution case.

## A.    Appellate Jurisdiction

Carla contends that Jason was required to file his appeal within two years from the entry of the default judgment, and his appeal is therefore untimely. Carla misunderstands the basis for Jason's appeal. Jason is not directly appealing the January 2015 judgment; he is appealing the denial of his motion to set aside that judgment. In the circumstances of this case, where Jason claims that due to fraud he was unaware the court had entered a default judgment, the order denying his later motion to set aside that judgment is appealable under Code of Civil Procedure section 904.1, subdivision (a)(2) as an order made after judgment. (*Carr v. Kamins* (2007) 151 Cal.App.4th 929, 933-934.) Jason has therefore timely appealed.

## B.    Standard of Review

We review the denial of Jason's motion to set aside the default judgment for abuse of discretion. (*Luxury Asset Lending, LLC v. Philadelphia Television Network, Inc.* (2020) 56

11

Cal.App.5th 894, 908 [set aside request under Code Civ. Proc., § 473.5]; *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 415-416 [set aside request under equitable principles]; *In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 138 [set aside request under Fam. Code, § 2122].)

"The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711, fns. omitted.)

## C. The Family Court Erred in Denying Jason's Motion to Set Aside the January 2015 Judgment

### 1. *Family Code Sections 2121 and 2122 Govern Jason's Motion to Set Aside the Judgment*

In seeking to set aside the default judgment, Jason first relied on Code of Civil Procedure section 473.5, which provides, "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." (*Id.*, subd. (a).) A party making a motion under this section "shall serve and file with the

12

notice a copy of the answer . . . proposed to be filed in the action" along with the motion. (*Id.*, subd. (b).)

By its terms, the statute applies "[w]hen service of a summons has not resulted in actual notice." (Code Civ. Proc., § 473.5, subd. (a).) The phrase "when service" indicates that service of the summons occurred, and Jason claims no such service ever occurred. Thus, Code of Civil Procedure section 473.5 does not appear to apply here. To the extent it would, relief under that section would nevertheless be unavailable to Jason because his motion to set aside was filed over five years after the court entered judgment against him. His set aside request was thus well beyond the outer time limits provided for in the statute and further did not include a proposed responsive pleading. Either way, the family court did not err in finding Jason ineligible for relief under Code of Civil Procedure section 473.5.

But the Family Code provides another option permitting a court in certain circumstances, "on any terms that may be just, [to] relieve a spouse from a judgment, or any part or parts thereof, adjudicating . . . division of property, after the six-month time limit of [s]ection 473 of the Code of Civil Procedure." (Fam. Code, § 2121, subd. (a).) As applicable here, those circumstances include "[a]ctual fraud where the defrauded party was kept in ignorance or in some other manner was fraudulently prevented from fully participating in the proceeding. . . ." (Fam. Code, § 2122, subd. (a).) Such a motion to set aside must "be brought within one year after the date on which the complaining party either did discover, or should have discovered, the fraud." (*Ibid.*)

Jason contends he can avoid the time limits applicable to a Family Code section 2122, subdivision (a) motion by seeking to set aside the default judgment under non-statutory equitable

principles that are subject only to laches. This contention fails because once the time limits in any applicable Code of Civil Procedure sections expire, " '[Family Code s]ection 2122 sets out the *exclusive grounds and time limits* for an action or motion to set aside a marital dissolution judgment.' [Citation.]" (*In re Marriage of Georgiou & Leslie* (2013) 218 Cal.App.4th 561, 571.) For any dissolution judgment adjudicating support or division of property entered on or after January 1, 1993, Family Code section 2120 et seq. preempts "all prior law on 'equitable' set-aside relief." (*Ibid*.) " 'Unlike traditional equitable set-aside law where "laches" is the only time limit on relief . . . , [Family Code] [section] 2120 et seq. accommodates the public policy interest in putting an end to litigation and ensuring the "finality" of family law judgments by setting *absolute deadlines* on obtaining a post-[judgment] set-aside. Once the statutorily-prescribed period expires ([Fam. Code,] [§ 2122]), set-aside relief is *not available* and the judgment is effectively *final for all purposes*.' [Citation.]" (*Ibid*.)

*County of San Diego v. Gorham*, *supra*, 186 Cal.App.4th 1215, on which Jason relies to argue for equitable relief, is distinguishable because of the "unique circumstances" present in that case. (*Id*. at p. 1221.) In *Gorham*, indisputable evidence showed a county child support department's proof of service of its action to establish paternity and recover child support was fraudulent because the defendant was in jail at the time he was supposedly personally served at a residence (*ibid*.), and "the parties and court were well aware of problems with the validity of proofs of service filed by" the process server in other cases (*id*. at p. 1231). The otherwise applicable statute at issue in *Gorham* was different than it is here—Family Code section 3691 instead

14

of Family Code section 2122. (*County of San Diego v. Gorham*, *supra*, at p. 1232.) Analyzing the legislative history and the statutory language, the *Gorham* court "decline[d] to interpret Family Code section 3691 as preempting a trial court's traditional or inherent equitable power to set aside a child support order or judgment" in the circumstances before it. (*Ibid.*) Here, in contrast, Jason makes no cogent argument regarding the child support order, Family Code section 2122 provides the exclusive remedy for his challenge to the January 2015 judgment adjudicating division of the parties' community property, and the evidence can hardly be characterized as indisputable.

2. *Jason Was Not Required to Submit a Proposed Responsive Pleading with His Motion to Set Aside the Default Judgment*

Because Family Code sections 2121 and 2122 provided the exclusive ground for Jason to seek relief, the procedural requirements for a motion brought under Code of Civil Procedure section 473.5, subdivision (b) did not apply to his request.[7] Family Code sections 2121 and 2122 do not require the moving party to submit a proposed responsive pleading with the motion. The Legislature's omission of such a requirement in these sections makes sense. A successful motion to set aside under

_____

[7] Carla asserts that Jason's failure to submit a proposed responsive pleading precluded him from obtaining relief under Family Code section 2122 because he first had to seek to vacate the judgment under Code of Civil Procedure section 473.5, subdivision (b). This argument is meritless. Family Code sections 2121 and 2122 provide an independent ground to set aside a judgment that is untethered to Code of Civil Procedure section 473.5.

15

Code of Civil Procedure section 473.5 results in the entire judgment being set aside and the movant getting "leave to defend the action" in its entirety. (*Id.*, subd. (a).) In contrast, a successful motion under Family Code sections 2121 and 2122 can leave intact significant aspects of the judgment at issue, as the court is permitted, "on any terms that may be just, [to] relieve a spouse from a judgment, *or any part or parts thereof*, adjudicating support or division of property." (*Id.*, § 2121, subd. (a), italics added.) A proposed response to the petition is therefore not required to effectuate relief as only portions of the judgment may be at issue. Thus, the court erred in denying Jason's request to set aside the January 2015 judgment under Family Code section 2120 et seq. based on the lack of a proposed responsive pleading.

3. *Remand Is Appropriate for the Family Court to Consider Jason's Motion under the Appropriate Standard*

Carla contends that Jason's motion was untimely under Family Code section 2122 "given the five[-]year gap between the challenged judgment and his motion for relief." However, Family Code section 2122, subdivision (a) allows relief within one year of when the defaulted party "either did discover, or should have discovered, the fraud." Thus, a motion under this provision cannot be untimely based solely on the passage of time: the court must further determine when the movant discovered or should have discovered the fraud to measure when the one-year time limit began running.

Carla also argues the record demonstrates that Jason's motion was untimely because he discovered or should have discovered the existence of the dissolution action more than one year before he brought his motion. Jason disputes that he

16

received any of the documents purportedly served on him, and the content of some of those documents does not clearly disclose the existence of a dissolution lawsuit. The Department adduced evidence that its staff had been in contact with Jason by 2016 at the latest in connection with its efforts to collect on the award of child support, but the Department submitted this evidence to the court after Jason had filed his reply, and thus Jason did not have any opportunity to respond to the extent that evidence pertained to Jason's awareness of the dissolution action as the court did not conduct an evidentiary hearing or otherwise resolve any factual disputes when denying the motion on procedural grounds.

We do not resolve such disputed facts or the credibility of testimony in the first instance; the weighing of conflicting evidence is the province of the family court as trier of fact. (*In re Marriage of Nakamoto & Hsu* (2022) 79 Cal.App.5th 457, 472.) We express no opinion on any disputed factual or credibility questions and remand the matter for the family court to address and resolve those disputes.

## DISPOSITION

The family court's order denying Jason's motion to set aside the January 30, 2015 default judgment is reversed, and the matter is remanded for the court to consider the motion under Family Code sections 2121 and 2122.  If the court finds Jason's motion timely, it shall then proceed to examine the request to set aside the January 2015 judgment on the merits.  The court's order denying Jason's request to set aside the May 2014 child support order is affirmed.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.